**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF OHIO**
**WESTERN DIVISION - CINCINNATI**

| | | |
|---|---|---|
| RAVEN ENGLISH, | : | Case No. 1:25-cv-574 |
| | : | |
| Plaintiff, | : | Judge Matthew W. McFarland |
| | : | |
| v. | : | |
| | : | |
| TRANSUNION LLC, | : | |
| | : | |
| Defendant. | : | |

---

## ORDER AND OPINION

---

This matter is before the Court on Defendant's Motion for Judgment on the Pleadings (Doc. 10). Plaintiff filed a Response in Opposition (Doc. 14), to which Defendant filed a Reply in Support (Doc. 15) and Supplemental Authority (Doc. 19). Plaintiff also moved to file a sur-reply. (Motion for Sur-Reply, Doc. 17). These pending motions are now ripe. For the following reasons, the Court **GRANTS** Plaintiff's Motion for Leave to File Sur-Reply (Doc. 17) and **DENIES** Defendant's Motion for Judgment on the Pleadings (Doc. 10).

## FACTS AS ALLEGED

On July 9, 2025, Plaintiff Raven English requested a copy of her consumer credit disclosure from Defendant TransUnion LLC—a nationwide consumer reporting agency. (Compl., Doc. 5, ¶¶ 7, 9.) Defendant provided Plaintiff a consumer disclosure that "omitted significant information that was contained in her file." (*Id.* at ¶ 17.) Namely, Defendant's disclosure reflected a total of seventeen accounts—all of which "contained

unclear, omitted, and/or incomplete account numbers or account identifiers[] represented by [four ending] asterisks." (*Id.* at ¶¶ 18, 20.) The complete account numbers, however, were reported within Defendant's file at the time of Plaintiff's request. (*Id.* at ¶¶ 22-23.) As a result, Plaintiff was "unable to determine with certainty which accounts pertained to her or whether any of the information being reported was accurate." (*Id.* at ¶ 18.) This made it "nearly impossible [for Plaintiff] to match the reported data with her own records" and led to confusion, frustration, and emotional distress. (*Id.* at ¶¶ 24, 45, 49.) Moreover, Plaintiff's inability to meaningfully review inaccuracies in the report posed a "material risk of continued reputational and financial harm" as well. (*Id.* at ¶ 26.)

Defendant's disclosure of Plaintiff's file was generated through an automated system that consistently omitted complete account numbers as part of a pattern or practice. (Compl., Doc. 5, ¶¶ 28-36, 46.) Though Defendant advised consumers that they had the right to receive their full file, Defendant allegedly knew about these systemic omissions for years and failed to take any corrective action. (*Id.* at ¶¶ 33-35, 47-48.)

Plaintiff alleges that Defendant violated the Fair Credit Reporting Act ("FCRA") requirement that consumer reporting agencies must, upon request, clearly and accurately disclose all information in a consumer's file at the time of the request. (Compl., Doc. 5, ¶ 39 (citing 15 U.S.C. § 1681g(a)(1)). Additionally, Plaintiff sets forth allegations concerning both a willful violation and a negligent violation of the FCRA. (*Id.* at ¶¶ 50-51.)

**PROCEDURAL HISTORY**

Plaintiff originally filed her Complaint in the Hamilton County Municipal Court on July 11, 2025. (Notice of Removal, Doc. 1.) Defendant removed this case to this Court

on August 12, 2025. (*Id.*) Then, Defendant filed the pending Motion for Judgment on the Pleadings (Doc. 10), to which Plaintiff filed a Response in Opposition (Doc. 14) and Defendant filed a Reply in Support (Doc. 15) and Supplemental Authority (Doc. 19). Plaintiff moved to file a sur-reply. (Motion for Sur-Reply, Doc. 17.) No response has been filed in opposition, and the time to do so has passed. *See* S.D. Ohio Civ. R. 7.2(a)(2). These matters are therefore ripe for review.

## LAW AND ANALYSIS

The Court begins with a preliminary matter. Then, the Court proceeds to the substance of Defendant's Motion for Judgment on the Pleadings—both as to the FCRA claim itself and the related arguments concerning damages.

### I. Motion for Leave to File Sur-Reply

Plaintiff moves to file a sur-reply because Defendant allegedly raised new arguments and mischaracterized Plaintiff's Response in Opposition. (Motion for Sur-Reply, Doc. 17, Pg. ID 444.) Sur-replies are generally a disfavored practice but may be appropriate in certain situations, such as to address an argument raised for the first time in a reply. *See Crenshaw v. Portfolio Recovery Assocs., LLC*, 433 F. Supp. 3d 1057, 1063 (W.D. Ky. 2020); *Eldridge v. Cardif Life Ins. Co.*, 266 F.R.D. 173, 175 (N.D. Ohio 2010); *Eng'g & Mfg. Servs., LLC v. Ashton*, 387 F. App'x 575, 583 (6th Cir. 2010). Notably, Defendant has not voiced any opposition to Plaintiff filing the proposed Sur-Reply and would not suffer any prejudice. *See Nat'l City Bank v. Aronson*, 474 F. Supp. 2d 925, 930 (S.D. Ohio 2007); *Locke v. Swift Transp. Co. of Arizona, LLC*, No. 5:18-CV-119, 2019 WL 6139012, at *2 (W.D. Ky. Nov. 19, 2019); *L.M. v. G6 Hosp., LLC*, No. 2:24-CV-4168, 2025 WL 2772483, at *11 (S.D.

Ohio Sept. 29, 2025); S.D. Ohio Civ. R. 7.2(a)(2) (explaining that failure to oppose particular motions may result in the court granting such motions).

Thus, the Court grants Plaintiff's Motion for Leave to File Sur-Reply (Doc. 17) and will consider the proposed Sur-Reply. That being said, the Court notes that the following legal rulings would remain unchanged even without the Sur-Reply.

## II. Motion for Judgment on the Pleadings

The standard of review concerning a motion for judgment on the pleadings under Federal Rule of Civil Procedure 12(c) is the same standard as for a Rule 12(b)(6) motion to dismiss for failure to state a claim. *Fritz v. Charter Twp. of Comstock*, 592 F.3d 718, 722 (6th Cir. 2010). A motion to dismiss for "failure to state a claim upon which relief can be granted" tests the plaintiff's cause of action as stated in a complaint. Fed. R. Civ. P. 12(b)(6); *Golden v. City of Columbus*, 404 F.3d 950, 958-59 (6th Cir. 2005). A claim for relief must be "plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Put differently, the complaint must lay out enough facts for a court to plausibly infer that the defendant wronged the plaintiff. *16630 Southfield Ltd. P'ship v. Flagstar Bank, F.S.B.*, 727 F.3d 502, 504 (6th Cir. 2013). Courts must accept all allegations of material fact as true and must construe such allegations in the light most favorable to the plaintiff. *Twombly*, 550 U.S. at 554-55; *Doe v. Baum*, 903 F.3d 575, 586 (6th Cir. 2018). However, courts are not bound to do the same for a complaint's legal conclusions. *Twombly*, 550 U.S. at 555. And, when a complaint contains sufficient facts to satisfy the elements of an affirmative defense put forth by a defendant, courts may grant dismissal on that basis. *Est. of Barney v. PNC Bank, Nat. Ass'n*, 714 F.3d 920, 926 (6th Cir. 2013).

Defendant argues that Plaintiff's claim should be dismissed because the truncation of account numbers does not amount to a violation of the FCRA. (Motion, Doc. 10-1, Pg. ID 131-41.) Specifically, Defendant contends that the purpose of the FCRA and related privacy statutes support its line of reasoning. (*Id.*) Plaintiff rebuts that, under the plain language of the FCRA and relevant case law, she has plausibly alleged a claim. (Response, Doc. 14, Pg. ID 336-49.)

To address this matter, the statutory text naturally guides the Court's inquiry. *In re Vill. Apothecary, Inc.*, 45 F.4th 940, 947 (6th Cir. 2022). The FCRA specifically provides that "[e]very consumer reporting agency shall, upon request, and subject to section 1681h(a)(1) of this title, clearly and accurately disclose to the consumer all information in the consumer's file at the time of the request." 15 U.S.C. § 1681g(a). The term "file" is expansively defined as "all of the information on that consumer recorded and retained by a consumer reporting agency regardless of how the information is stored." 15 U.S.C. § 1681a(g). The FCRA spells out the following exception in terms of disclosing a consumer's file upon request:

> [I]f the consumer to whom the file relates requests that the first 5 digits of the social security number (or similar identification number) of the consumer not be included in the disclosure and the consumer reporting agency has received appropriate proof of the identity of the requester, the consumer reporting agency shall so truncate such number in such disclosure.

15 U.S.C. § 1681g(a)(1)(A); *see also Stafford v. Trans Union, LLC*, No. 4:25-CV-921, 2025 WL 4648412, at *3 (E.D. Tex. Nov. 17, 2025), *report and recommendation adopted*, No. 4:25-CV-921, 2026 WL 526695 (E.D. Tex. Feb. 25, 2026) (emphasizing this provision as one of the

"narrowly-outlined exceptions" to FCRA disclosures). No parallel exception provides for the truncation of other information within the consumer's file.

Here, Plaintiff alleges that Defendant responded to her consumer credit disclosure request by providing truncated account numbers for seventeen accounts—despite Defendant possessing the full account numbers at the time of the request. (Compl., Doc. 5, ¶¶ 18, 20, 22-23.) These omissions, according to Plaintiff, "made it impossible for [her] to determine with certainty whether the accounts in the disclosure belonged to her or whether any of the reported information was accurate." (*Id.* at ¶ 44.)

Numerous courts have permitted FCRA claims to progress past the motion-to-dismiss stage when a plaintiff has alleged that the credit reporting agency failed to provide the full account numbers in response to a request. *See, e.g.*, *Washington v. Equifax*, No. 3:19-CV-154, 2019 WL 2443126, at *3 (M.D. Tenn. June 12, 2019); *Watkins v. Equifax Info. Servs. LLC*, No. 1:25-CV-524, 2025 WL 3763869, at *5 (S.D. Ohio Dec. 30, 2025); *Banks v. Equifax Info. Servs. LLC*, No. 5:25-CV-111, 2026 WL 628973, at *6-8 (E.D. Tex. Feb. 9, 2026), *report and recommendation adopted*, No. 5:25-CV-111, 2026 WL 627793 (E.D. Tex. Mar. 5, 2026); *Stafford*, 2025 WL 4648412, at *3-4; *Rawls v. Trans Union, LLC*, No. 1:24-CV-3948, 2025 WL 2429105, at *4-5 (N.D. Ga. Aug. 5, 2025), *report and recommendation adopted*, No. 1:24-CV-3948, 2025 WL 3567186 (N.D. Ga. Sept. 17, 2025); *Davis v. Equifax Info. Servs. LLC*, No. 8:25-CV-2567, 2026 WL 265689, at *2 (M.D. Fla. Feb. 2, 2026) (collecting cases).

In light of the plain language of § 1681g(a) that a consumer reporting agency shall "clearly and accurately disclose to the consumer [all] information in the consumer's file at the time of the request," as well as the lack of any binding authority that a truncated

account number constitutes a clear and accurate disclosure, Plaintiff's claim may proceed at this early juncture. *See Washington*, 2019 WL 2443126, at *3; *Harris v. TransUnion, LLC*, No. 1:25-CV-192, 2025 WL 3306434, at *7 (N.D. Ga. Oct. 20, 2025) ("Only after the benefit of discovery can the Court say whether such information was in fact in Defendant's consumer file for Plaintiff and whether Defendant improperly failed to disclose it to Plaintiff."); *Adams v. Equifax Info. Servs., LLC*, No. 1:25-CV-5315, 2026 WL 973459, at *5 (N.D. Ga. Feb. 2, 2026) ("Because Plaintiff specifically identified what information she believes is missing from her consumer disclosure, the undersigned cannot find at this early stage that Plaintiff has failed to state a claim for relief under § 1681g.").

Defendant also asserts that dismissal is appropriate because—even if the full account numbers should have been disclosed—Plaintiff cannot demonstrate that Defendant acted willfully or negligently by failing to disclose such information. (Motion, Doc. 10-1, Pg. ID 142-44.) The possibility for damages under the FCRA is twofold: A violation can result in actual damages if the defendant acted negligently, while statutory and punitive damages can be awarded if the defendant acted willfully. *See* 15 U.S.C. § 1681o(a)(1), 1681n(a); *Jones v. Federated Fin. Reserve Corp.*, 144 F.3d 961, 964 (6th Cir. 1998). Here, Plaintiff alleges that Defendant both willfully and negligently violated the FCRA. (Compl., Doc. 5, ¶¶ 50-52.) Defendant contests each potential basis.

Starting with willfulness, FCRA violations are considered willful when the defendant violated the FCRA requirements knowingly or with a reckless disregard for statutory duties. *Boggio v. USAA Fed. Sav. Bank*, 696 F.3d 611, 620 (6th Cir. 2012) (citing *Safeco Ins. Co. of Am. v. Burr*, 551 U.S. 47, 57 (2007)); *Armalite, Inc. v. Lambert*, 544 F.3d 644,

648-49 (6th Cir. 2009). Plaintiff alleges that Defendant employs "an automated system that extracts selected data from internal databases and populates it into a standardized consumer disclosure template" which consistently "omits certain information even when the consumer did not request such omissions." (Compl., Doc. 5, ¶ 28.) This practice and pattern, according to Plaintiff, systematically results in consumers failing to receive all information—despite Defendant representing that the entire content of the file is available to the consumer upon request. (*Id.* at ¶¶ 34-36.)

While Defendant certainly claims that it acted with the intent of protecting consumers' privacy and otherwise held a reasonable interpretation of what the FCRA required them to disclose (Motion, Doc. 10-1, Pg. ID 142-43), the resolution of such reasoning falls beyond the four corners of the Complaint and—as for this particular record—is premature. *See In re Allstate Ins. Co. Underwriting & Rating Pracs. Litig.*, 917 F. Supp. 2d 740, 747 (M.D. Tenn. 2008) (recognizing that "there still exist many cases in which the FCRA provision at issue is not subject to more than one reasonable interpretation or other factual issues preclude an early-stage rejection of the FCRA willful violation claim"). None of the cases cited by Defendant were postured within the confines of a motion for judgment on the pleadings or a Rule 12(b)(6) motion. (Motion, Doc. 10-1, Pg. ID 142-43 (collecting cases); Reply, Doc. 15, Pg. ID 421-22.) Thus, the Court will allow Plaintiff's willfulness allegations to stand at this juncture. *See Stafford*, 2025 WL 4648412, at *3 (permitting willful violation claim to proceed when the plaintiff alleged that "the omission of the tradeline information is the result of automated templates used by Equifax for annualcreditreport.com requests, which Equifax has known about for years

and that has harmed other customers as well as Plaintiff"); *Adams v. Fifth Third Bank*, No. 3:16-CV-218, 2017 WL 561336, at *6 (W.D. Ky. Feb. 10, 2017) (finding willfulness sufficiently pleaded "at this early stage of the case"); *Blasi v. United Debt Servs. LLC*, No. 2:14-CV-83, 2014 WL 12957122, at *4 (S.D. Ohio Nov. 5, 2014) (similar).

The Court next turns to Plaintiff's allegations concerning Defendant's negligent violation of the FCRA. Since this avenue of relief rests on "actual damages sustained by the consumer as a result of the failure [to properly disclose]," Plaintiff must plead actual damages. *Blasi*, 2014 WL 12957155, at *4 (quoting 15 U.S.C. § 1681o)). "If a furnisher acted willfully, then it has necessarily also acted negligently." *Finney v. Bank of Am., Nat'l Ass'n*, No. 3:24-CV-163, 2025 WL 3496674, at *4 (W.D. Ky. Dec. 5, 2025) (citing *Krueger v. Experian Info. Sols., Inc.*, No. 20-2060, 2021 WL 4145565 (6th Cir. Sept. 13, 2021)).

Defendant specifically argues that Plaintiff cannot recover actual damages on the basis of emotional distress. (Motion, Doc. 10-1, Pg. ID 143-44.) "It is well settled," however, "that actual damages under the FCRA are not limited to out-of-pocket expenses and may instead include humiliation and mental distress." *Boris v. Choicepoint Servs., Inc.*, 249 F. Supp. 2d 851, 859 (W.D. Ky. 2003) (collecting cases); *see Bach v. First Union Nat. Bank*, 149 F. App'x 354, 361 (6th Cir. 2005). Here, Plaintiff alleges that Defendant's incomplete disclosure caused her "significant confusion," frustration, stress, and emotional distress as she was "unable to determine with certainty which accounts pertained to her or whether any of the information being reported was accurate." (Compl., Doc. 5, ¶¶ 18, 24, 49.) Viewing these allegations as true and within the light most favorable to Plaintiff, they suffice at this point of the litigation. *See Lawson v. Michigan*

*First Credit Union*, No. 20-CV-10460, 2020 WL 2131805, at *9 (E.D. Mich. May 5, 2020).

Defendant's line of reasoning does not alter this conclusion. The cases cited by Defendant were decided at the summary-judgment stage or addressed whether a plaintiff had marshalled enough evidence to establish actual damages. (*See* Motion, Doc. 10-1, Pg. ID 143-44 (collecting cases)). For instance, the court in *Garrett v. Trans Union, LLC* recognized that "actual damages may include emotional distress" and proceeded to determine whether they could be recovered in light of the defendant's motion for summary judgment. No. 2:04-CV-582, 2006 WL 2850499, at *11 (S.D. Ohio Sept. 29, 2006). District court cases throughout the Sixth Circuit have highlighted the distinction between pleading damages and ultimately recovering them. *See, e.g.*, *Holmes v. Telecheck Int'l, Inc.*, 556 F. Supp. 2d 819, 844 (M.D. Tenn. 2008) (explaining that, "to *recover* for emotional distress, a plaintiff must explain the circumstances in reasonable detail") (emphasis added)); *Kehren v. JPMorgan Chase Bank*, No. 2:16-CV-133, 2017 WL 373513, at *3 (S.D. Ohio Jan. 26, 2017) (underscoring that whether the plaintiff can ultimately prove his damages "is a question for a later day").

Accordingly, Plaintiff's FCRA claim can proceed in full as to both negligence-based damages and willful-based damages.

## CONCLUSION

For all these reasons, the Court **GRANTS** Plaintiff's Motion for Leave to File Sur-Reply (Doc. 17) and **DENIES** Defendant's Motion for Judgment on the Pleadings (Doc. 10).

**IT IS SO ORDERED.**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO

By: _______________________
JUDGE MATTHEW W. McFARLAND